Battle, J.
 

 The only questions which the counsel for the plaintiff, in his argument before us, lias presented for our consideration, and upon which he has asked for a decision, are, whether under the fifth clause of the will of the testator, Christopher McRae, the femes covert therein named, took estates to their sole and separate use, and if they did, whether, upon their deaths the slaves therein given, belonged to their surviving husbands, to their administrators, or to their.children. . The counsel contends—
 

 1. That the wives took separate estates in the slaves, and secondly, that upon their deaths, they went to their children.
 

 We deem it 'entirely unnecessary to decide the first question, for, supposing that the wives did take estates in the slaves, to their sole and separate use, yet, upon their deaths,
 
 *218
 
 the slaves passed immediately to Mieir husbands. This is so clearly established by the .authorities, that no argument is required in favor of it. See McQueen on Husband and Wife 66; Law Lib. 82; also Smith on Real and Personal Property 89; Law Lib. 578, and the cases therein cited and reded upon. The reason of the rule is, that the separate estate of the wife is protected from her husband, and from iiis assignees and creditors for her benefit during the coverture only, and that up upon her death, such protection being no longer necessary, the property devolves upon the husband immediately
 
 jure
 
 mariti, unless it be expressly limited over to her children, or to some other person. If, indeed, the separate property consists of dioses in action, then upon the death of the wife, the husband, or some person for him, will be obliged to. take out letters of administration upon her estate, in order to-reduce them into possession. In the present ease, it will be declared that the slaves given to the plaintiff under the fifth clause of the will of the testator, in trust for the femes covert legatees therein named, now belong to the husbands respectively of those who have died, whether they were given to the sole and separate use'of the said femes covert or not.— We suppose that an account of the estate of the testator must be stated, and we presume the- above declaration will enable the parties to settle without further difficulty.
 

 Pek CURIAM, Decree accordingly.