The main question presented in this case, and the only one which at present we think it proper to decide, arises upon the construction of the deed executed by Jonathan L. Carson and George M. Carson to William M. Carson on 6 May, 1862, in trust for his wife and children. The question is, whether the trust in favor of the children is confined to the children of the trustee's then wife, Almyra, or does it embrace also the children which he had by his second wife, Catherine?
We are clearly of opinion that upon any admissible construction of the deed it includes the children of the first wife only. The recital of the consideration on which the deed was made is the sum of $1 and "the good-will and affection they (the grantors) have for Almyra T. Carson, wife of said William, and the children of the said William and Almyra, namely, John, Martha M., Mary M., Matilda H., and William, and such as they may have hereafter." From this recital it is manifest that the purpose of the grantors to provide for the then wife of the grantee and such children as he and she then had and might have thereafter. The expression, "such as they may have hereafter," is too plain to admit of any other interpretation. In the clause which declares the trust it is said that the grantee shall have and hold the property conveyed "for the sole and separate use of his wife, the said Almyra, and the children as aforesaid, and such as may be born and begotten by the said William hereafter." It is contended for the children of the second marriage that the last words of this clause extend the trust to any children which the grantee might have by any future wife. This would be so if *Page 377 
the words were to be considered alone, unconnected with anything else in the deed; but that would violate a fundamental rule in the construction of deeds, "that the construction be made upon the entire deed, and not merely upon disjointed parts of it." 2 Bl. Com., (579) 379. These words, "and such as may be born and begotten by the said William hereafter," must be considered with reference to the recital of the consideration, which evidently is the good-will and affection which the grantors had for their brother's wife, Almyra, and the children which he then had and might thereafter have by her. Why the grantors should wish to exclude the children by any future wife we do not know. It may have been an inadvertent omission, but if it were, we cannot supply it.
There is a subsequent clause of the deed which provides "that if the said Almyra shall depart this life before the said William, then and in such case her interest in said property of all kinds is to cease and to determine." This is also urged as a manifestation of intention that she and her children were not the only objects provided for by the deed. It seems clear to us that the only purpose of this clause was to prevent the husband from taking any interest in the property jure mariti. The whole deed shows that his brothers thought they could not convey the property or any part of it, to be held by him for himself, and we have no doubt it was for the reason stated in the bill, that he was largely insolvent, and that if the property were conveyed to him without any trust declared in favor of his wife and children it would be taken to pay his debts. It was known to the person who drew the instrument that the equitable estate which the wife was to take in the property would, unless it were provided against, become her husband's upon her death; and hence the clause in question was inserted to prevent that consequence. The making her interest in the trust property cease and determine upon her death had the same effect in favor of her children as the limitation of it over to them would have had. See Little v.McLendon, 58 N.C. 216.
In all the clauses of the deed following that which we have just noticed it will be seen that the grantee's wife Almyra and her children were the only persons in the contemplation of the parties to the (580) deed; and such being the case, the hardship of excluding the children of the grantee by his second wife, no matter how great it may be deemed, cannot induce the Court to adopt a construction in opposition to the plain meaning of the instrument.
Having ascertained that there is no trust declared in favor of the children of the second marriage, in the deed executed to William M. Carson by his brothers, we are of opinion that he acquired no right to give such children by deed, will, or otherwise, the property, part of the trust fund which he conveyed to his son John on 6 January, 1860, and *Page 378 
took back by another conveyance of the same date. The deed to John purports to be an advancement to him by his father in execution of the power conferred on him as trustee; but the deed of reconveyance executed at the same time shows that the true purpose was not to advance the son, but the children of the second marriage. The execution of the two deeds is in effect but one transaction, and a court of equity cannot allow a trustee to change the objects of his trust by any such contrivance.
There are other questions presented by the pleadings which we are unwilling to decide without the aid of an argument. One of these questions is, whether the children of William M. Carson by his first wife had, during the lifetime of their father, such an interest in the trust property not advanced to them by their father, as trustee, as survived upon the deaths of some of them to their respective administrators. A second question is, whether the trustee had power to devise and bequeath by his will any part of the trust property to the children of his deceased daughter, Martha Burgin.
These questions will be reserved for future consideration; but there may be a decree now declaring that the defendants Catharine (581) Carson and George S. Carson, children of William M. Carson by his second wife, do not take by the will of their father any part of the property, real or personal, conveyed to their father in trust by his brothers Jonathan L. Carson and George M. Carson, he having acquired no power to devise and bequeath it to them by reason of the conveyances of the same to and from his son John on 6 January, 1860. There may also be a decree for the sale of the land belonging to the trust fund, not specifically given or devised by the trustee to any of his children. And the parties may have a reference for an account of the trust fund, if they desire it.
Decree accordingly.